# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| FEMI ENIOLA,<br>    Plaintiff, | Case No. 1:19-cv-272 |
| | Black, J. |
| vs. | Bowman, M.J. |
| SOREN CADDELL, *et al*.,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a prisoner at the Morrow County Jail, in Mount Gilead, Ohio, brings this action against his former landlord, Soren Caddell, for wrongful eviction following plaintiff's arrest. (Doc. 1-1). Plaintiff alleges that his eviction violated the Fifth and Fourteenth Amendments and Ohio state law. (Doc. 1-1, at PageID 15-18). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28

U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, brings this complaint in connection with his eviction from his apartment in Fairfield, Ohio, in July 2018, following his arrest during a traffic stop. (*See* Doc. 1-1, at PageID 15-16). Plaintiff asserts that at the time of the eviction his wife and infant were staying at the apartment and were given only three-days to find another place to stay. (Doc. 1-1, at PageID 15). Plaintiff asserts that the eviction violated his Fifth and Fourteenth Amendment rights to due process and constituted a breach of the lease agreement. (Doc. 1-1, at PageID 15-16). He also asserts that the lease agreement was unconscionable. (Doc. 1-1, at PageID 16-17). For relief, plaintiff seeks monetary, declaratory, and injunctive relief. (Doc. 1-1, at PageID 16-18).

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

First, to the extent plaintiff may be invoking the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), plaintiff bears the "burden of establishing complete diversity between the

parties." *Shea v. State Farm Ins. Co.*, 2 F. App'x 478, 479 (6th Cir. 2001). In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). Plaintiff has failed to allege that there exists complete diversity between himself and defendant necessary for this Court to exercise diversity jurisdiction. Rather, the citizenship of a natural person for diversity purposes is his domicile, *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990), and the complaint lists Ohio addresses[1] for both plaintiff and defendant. (*See* Doc. 1-1, at PageID 13).[2]

Second, the Court is without federal question jurisdiction over the complaint. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The undersigned is unable to discern from the facts alleged in the complaint any federal provision that applies to give rise to an actionable claim for relief.

---

[1]Although plaintiff has provided a residential address as his contact address in this case (*see* Doc. 1-1, at PageID 13), his motion to proceed *in forma pauperis* (Doc. 1, at PageID 1) indicates that he is currently incarcerated at the Morrow County Jail. The **Clerk of Court** is hereby **DIRECTED** to send a copy of the Order granting plaintiff leave to proceed *in forma pauperis* and this Report and Recommendation to plaintiff at both addresses.

[2]To the extent that plaintiff also intends to name Timber Hollow SPE LLC as a defendant in this matter (*see* Doc. 1-1, at PageID 12-13), plaintiff must still satisfy the requirement of complete diversity. A limited liability company has the citizenship of each of its members. *Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009). The Court need not determine Timber Hollow's citizenship because plaintiff has not established that complete diversity exists between him and defendant Caddell.

Although plaintiff alleges that defendant violated his civil rights, plaintiff has alleged no facts giving rise to a cognizable civil rights claim under 42 U.S.C. § 1983. To state a § 1983 claim, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Hines v. Langhenry*, 462 F. App'x 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.,* 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)).

Plaintiff's claims do not rise to the level of a § 1983 claim for two reasons. First, many of plaintiff's claims involve allegations sounding in state-law breach of contract, not federal law. Second, defendant Caddell is a private party and not a state actor. "[To] act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks,* 449 U.S. 24, 28 n.4 (1980) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970); *United States v. Price*, 383 U.S. 787, 794 (1966)). However, absent any allegation suggesting the existence of a conspiracy or joint action with state agents, no § 1983 liability can attach to defendant.[3] *See also Lugar v. Edmondson Oil Co.*, *Inc*., 457 U.S. 922, 923-24 (1982) ("Because the [14th] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action'"); *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 803 F. Supp. 1251, 1259 (E.D. Mich. 1992) ("[T]he Fifth Amendment applies to federal action, not to private action or state action.") (citing *Bolling v. Sharpe*, 347 U.S. 497 (1954)). Therefore, the complaint fails to state a federal claim.

Accordingly, plaintiff's complaint should be dismissed.

---

[3]The same analysis would apply to Timber Hollow SPE LLC. Thus, the allegations in the complaint also do not suggest a federal claim against Timber Hollow SPE LLC.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED without prejudice** for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FEMI ENIOLA,<br>    Plaintiff,<br><br>vs.<br><br>SOREN CADDELL,<br>    Defendant. | Case No. 1:19-cv-272<br><br>Black, J.<br>Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).